THOMAS E. MOSS, IDAHO BAR NO. 1058
UNITED STATES ATTORNEY
WENDY J. OLSON, CALIFORNIA BAR NO. 150279
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV, SUITE 600
800 PARK BOULEVARD
BOISE, IDAHO 83712
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1038

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR No. 06-143-S-BLW |
| | ) | |
| vs. | ) | RULE 11 PLEA AGREEMENT |
| | ) | |
| TIMOTHY JUNKERT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**TABLE OF CONTENTS**

I.      GUILTY PLEA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
        A.      Summary of Terms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
        B.      Acceptance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     WAIVER OF CONSTITUTIONAL RIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.    NATURE OF THE CHARGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        A.      Elements of the Crime . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        B.      Factual Basis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.     SENTENCING FACTORS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        A.      Maximum Penalties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        B.      Supervised Release . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        C.      Fines and Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        D.      Special Assessment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V.      UNITED STATES SENTENCING GUIDELINES . . . . . . . . . . . . . . . . . . . . . . . 5
        A.      Application of Sentencing Guidelines . . . . . . . . . . . . . . . . . . . . . . 5
        B.      Sentencing Guidelines Recommendations and Requests . . . . . . . . . . . . . . . . . . . 6
                1.      Acceptance of Responsibility . . . . . . . . . . . . . . . . . . . . . . . . . . 6
                2..     Additional Joint Recommendations . . . . . . . . . . . . . . . . . . . . . . 7
                3.      Downward Departure Request by Defendant . . . . . . . . . . . . . . . . . . 9

VI.     WAIVER OF APPEAL AND 28 U.S.C. § 2255 RIGHTS . . . . . . . . . . . . . . . . . . 9

VII.    PROVIDING INFORMATION FOR THE PRESENTENCE REPORT . . . . . . . . . . . . 10

VIII.   NO RIGHT TO WITHDRAW PLEA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

IX.     CONSEQUENCES OF VIOLATING AGREEMENT . . . . . . . . . . . . . . . . . . . . . . 11
        A.      Government's Options . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        B.      Defendant's Waiver of Rights . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

X.      MISCELLANEOUS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
        A.      No Other Terms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

XI.     UNITED STATES' APPROVAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

XII.    ACCEPTANCE BY DEFENDANT AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . 14

## I.      GUILTY PLEA

**A.      Summary of Terms.**  Pursuant to Rule 11 (c)(1)(B) of the Federal Rules of

Criminal Procedure, the defendant, the attorney for the defendant, and the Government[1] agree

that the defendant will plead guilty to Count One of the Indictment and agrees to recommend the

sentence as set forth in paragraph VB below.  More specifically, the parties agree as follows:

Count One charges the defendant with Possessing Sexually Exploitive Materials

Involving Minors, in violation of Title 18, United States Code, Section 2252(a)(4).

**B.      Acceptance.**  Upon acceptance of the defendant's guilty plea, and the defendant's

full compliance with the other terms of this Agreement, the Government, under Rule 11(c)(1)(B)

of the Federal Rules of Criminal Procedure, agrees to recommend that the United States

Sentencing Guidelines apply as set forth in paragraph VB below and agrees to recommend a

sentence that will result in the defendant serving a total of ten years from the time he was taken

into custody at the time that the computer upon which the child pornography was found was

seized from his home in Blaine County, Idaho.  Defendant acknowledges, agrees and waives

objection to the fact that the Court may consider "relevant conduct" in arriving at an appropriate

sentence pursuant to Section 1B1.3 of the Sentencing Guidelines.


## II.     WAIVER OF CONSTITUTIONAL RIGHTS

Defendant understands that he will be placed under oath at the plea hearing and that the

government, in a prosecution for perjury or false statement, has the right to use against the

---

[1] The word "Government" in this Agreement refers to the United States Attorney for the
District of Idaho.

-1-

-2-

defendant any statement that the defendant gives under oath. Moreover, the defendant

understands and waives (gives up) the following rights: (1) the right to plead not guilty to the

offense(s) charged against the defendant and to persist in that plea; (2) the right to a trial by jury;

and (3) the rights, at trial, to confront and cross-examine adverse witnesses, to be protected from

compelled self-incrimination, to testify, to present evidence and to compel the attendance of

witnesses. The defendant understands that by pleading guilty he waives (gives up) all of the

rights set forth above. The defendant fully understands that by entering a plea of guilty, if that

plea is accepted by the District Court, there will be no trial and defendant will have waived

(given up) these trial rights.


## III.   NATURE OF THE CHARGES

**A.      Elements of the Crime.** The elements of the crime of Possessing Sexually

Exploitive Materials Involving Minors, in violation of Title 18, United States Code, Section

2252(a)(4), as charged in Count One, are as follows:

> *First*, the defendant knowingly possessed visual depictions of minors engaging in
> sexually explicit conduct;
>
> *Second*, the defendant knew the visual depictions showed minors engaging in
> sexually explicit conduct;
>
> *Third*, the defendant knew that production of such visual depiction involved the
> use of minors engaged in sexually explicit conduct; and
>
> *Fourth*, that the visual depictions had been transported in interstate commerce.

**B.**     **Factual Basis.** If this matter were to proceed to trial, the Government and the

defendant agree that the following facts would be proven beyond a reasonable doubt, which facts

accurately represent the defendant's readily provable offense conduct.

On May 22, 2005, defendant Timothy Junkert contacted the Hailey Police Department to

report that he and his wife were being blackmailed by an unknown person in New Zealand that

they had originally met while chatting on the internet. Defendant Timothy Junkert showed the

police a photograph of his young son holding a man's erect penis. He informed police that the

unknown individual in New Zealand wanted the defendant to pay him a significant sum of

money or he would go to the police about the photography. That same day, defendant Timothy

Junkert admitted that the penis in the photograph was his. The Hailey Police Department

obtained a warrant to search and seized defendant Timothy Junkert's computer, and seized the

computer on May 23, 2005. A forensic examination of the computer 111 images that appeared to

depict minors engaging in sexually explicit conduct.

The report of the forensic computer examination was provided to an FBI analysis unit in

Pocatello, Idaho, which identified 28 known items of child pornography, meaning that the images

matched images in FBI databases in which the child in the item of child pornography has been

identified or that had been in existence prior to the widespread use of personal computers.

Among the items on the defendant's computer that matched images in the FBI database were:

3e44[2].jpg; 3e44[3].jpg; 4f04[1].jpg; 4f04[2].jpg; 8872[3].jpg; 8872[2].jpg; 639b[1].jpg;

639b[1]1.jpg; f4ac[1]1.jpg; 1c91[1].jpg; 6664[1].jpg; and 6664[1]1.jpg.

The defendant knew that the images depicted minors because of the obvious prepubescent

anatomical features of the victims depicted. The defendant knew that the production of these

visual depictions involved the use of minors engaged in sexually explicit conduct because of the content of the images. The images traveled in interstate or foreign commerce via the internet.

## IV. SENTENCING FACTORS

A. **Minimum and Maximum Penalties.** A violation of Title 18, United States Code, Section 2252 (a)(4), as charged in Count One, is punishable on first offense by a term of imprisonment of not more than 10 years, a fine of not more than $250,000 and, pursuant to Title 18, United States Code, Section 3583 (k), a term of supervised release of any term of years or life, and a special assessment of $100. If a defendant has a prior conviction for a crime involving the sexual exploitation of children as set forth in Title 18, United States Code, Section 2252(b)(1), a violation of Title 18, United States Code, Section 2252 (a)(4), as charged in Count One, is punishable by a term of imprisonment of not less than 10 years and not more than 20 years, a fine of not more than $250,000 and, pursuant to Title 18, United States Code, Section 3583 (k), a term of supervised release of any term of years or life, and a special assessment of $100.

B. **Supervised Release.** Defendant will be sentenced to a term of supervised release, to be served after incarceration, of not more than life.

The defendant's term of supervised release will be a specific (i.e., a determinate) term chosen by the Court at sentencing. The combination of prison time and supervised release is permitted, by law, to exceed the maximum term of incarceration allowed under the statute(s) that defendant is pleading guilty to violating. Violation of any condition of supervised release may result in defendant being imprisoned for the entire term of supervised release or being prosecuted for contempt of court under Title 18, United States Code, Section 401(3).

-4-

C.      **Fines and Costs**. Unless the Court determines that the defendant will not

reasonably be able to pay a fine, or that paying a fine will unduly burden any of the defendant's

dependents, a fine shall be imposed. There is no agreement as to the amount of the fine. The

Court may also order the defendant to pay the costs of imprisonment, probation, and supervised

release.

D.      **Special Assessment**. Defendant will pay a special assessment of $100.00 as to

each count, in addition to any fine imposed. This assessment will be paid by defendant before

sentence is imposed, and defendant will furnish a receipt at sentencing. Payment is to be made to

the United States District Court, Clerk's Office, Federal Building and United States Courthouse,

550 West Fort Street, Fourth Floor, Boise, Idaho 83724.

## V.      UNITED STATES SENTENCING GUIDELINES

A.      **Application of Sentencing Guidelines**. Defendant understands that the Court

must consider the Federal Sentencing Guidelines and take them into account in exercising its

discretion to determine an appropriate sentence. Moreover, defendant understands that: (1) the

sentence has not yet been determined by the District Judge; (2) any estimate of the likely

sentence received from any source is a prediction and not a promise; and (3) the District Judge

has the final authority to decide what the sentence will be.

The defendant also understands that the Court will determine the applicable sentencing

factors at sentencing and that the Court's determination will affect the sentence range under the

Sentencing Guidelines. While the Court may take the defendant's cooperation and the

recommendations of the parties into account in determining the sentence to be imposed, the

Court has complete discretion to impose a sentence other than the sentence recommended, including the maximum sentence possible for the crimes to which defendant has pled.

**B.     Sentencing Guidelines Recommendations and Requests.**

      **1.**      **Acceptance of Responsibility.** Unless the Government learns of new information to the contrary, defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under Section 3E1.1(a) of the Sentencing Guidelines, if the defendant clearly accepts responsibility for the offense. The Government will move for an additional one-level reduction in the combined offense level under Section 3E1.1(b) if the following conditions are met: the defendant qualifies for a decrease under Section 3E1.1(a); the offense is level 16 or greater; and the defendant has assisted authorities in the investigation or prosecution of defendant's own misconduct by timely notifying authorities of defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in Section 3E1.1 of the Sentencing Guidelines, or acts in a manner inconsistent with acceptance of responsibility, the Government will not make such a recommendation and/or motion or, if one has already been made, it will withdraw the recommendation and/or motion.

      **2.**      **Joint Sentencing Recommendation.** The United States and the defendant agree to recommend that the Court, after taking the guidelines and the sentencing factors set forth at 18 U.S.C. § 3553(a), should sentence the defendant to a total of 120 months in prison, which is the statutory maximum, to be served concurrently with any state court sentence imposed on him. The parties further agree to recommend that the Court, in order to impose a total sentence of 120 months, consider U.S.S.G. § 5G1.3 and application note 2 to reduce the

defendant's federal sentence by the period of time the defendant has been in state custody,

beginning on May 23, 2005.

        3.     **Additional Joint Recommendations.** The parties have agreed to the

following recommendations designed to protect the community and rehabilitate the defendant:

       (A)  Psycho-Sexual Assessment -- The defendant agrees to submit to a sex offender

evaluation pursuant to Title 18, United States Code, Section 3552(b).

       (B)  The defendant agrees to waive any right to confidentiality and allow the treatment

provider to supply a written report of his evaluation (and any future treatment) to the United

States Probation Department, which report will be shared with the parties and considered by the

Court at the time of sentencing or any future proceedings in this matter.

       (C)  Crime-Specific Supervised Release Provisions -- The parties agree to recommend

that the Court impose a term of supervised release of up to life, and that the Court include the

following special conditions of supervised release:

       (1)  The Defendant shall not have contact with children under the age of eighteen unless

approved in advance, *in writing*, by his probation officer, and shall report within eight (8)

hours to the probation office any unauthorized contact with children, provided that the

defendant may have supervised contact with children of friends as long as his probation

officer has written confirmation from the friends that they are aware of the charges to

which the defendant pled guilty and the fact that he is otherwise restricted from having

contact with minors;

       (2)  The Defendant shall not reside or loiter within 100 yards of schoolyards, parks,

playgrounds, arcades or other places primarily used by children under the age of eighteen;

(3) The defendant shall not engage in any paid occupation, vocation, volunteer service or calling that exposes him either directly or indirectly to minors, unless approved in advance, *in writing*, by his probation officer;

(4) The Defendant shall not possess any obscenity, or sexually explicit or nudist visual material involving minors, or persons who appear to be minors, or any written text material describing sex with minors, nor shall he knowingly patronize any place where such material or entertainment is available;

(5) The Defendant shall not possess or use a computer, except, if it becomes necessary for purposes of employment or school, he must obtain prior permission, *in writing*, from his probation officer, and in any case he may not use a computer or other device connected to the Internet unless his use of the Internet can be restricted to computers or other devices that have been equipped to monitor and log his Internet activity and make regular reports to his probation officer and therapist;

(6) The Defendant will participate in polygraph testing to monitor his compliance with supervised release and treatment conditions, at the direction of his probation officer and/or treatment provider;

(7) The Defendant will successfully complete any course of treatment related to his offense, as directed by his probation officer, including but not limited to cognitive/behavioral treatment for sexual deviancy by a qualified mental health professional who is experienced in treating and managing sexual offenders, such as a member of the Association for the Treatment of Sexual Abusers (ATSA); and

(8)  Within ten days of his release from any term of incarceration, the defendant shall

register as a sex offender in any State where the defendant resides, is employed, carries on

a vocation, or is a student.

4.      **Downward Departure Request by Defendant.**  The defendant will not

seek a downward departure unless grounds set forth, in writing, and filed with the Court at the

time set by the Court for filing objections to the presentence report.


## VI.   WAIVER OF APPEAL AND 28 U.S.C. § 2255 RIGHTS

A.      In exchange for the Government's concessions in this Plea Agreement, and except

as provided in subparagraph B, defendant waives to the full extent of the law any right to appeal

or to collaterally attack the conviction, entry of judgment, sentence (including any restitution or

forfeiture order), or entry of sentence.  This waiver includes appeals and collateral attacks based

on any source whatever, including but not limited to:

> 1.      28 U.S.C. § 1291 (judgment and conviction);
> 2.      18 U.S.C. §§ 3553 and 3742(a), and 28 U.S.C. § 1291 (sentencing);
> 3.      28 U.S.C. §§ 2241 - 2255 (habeas corpus).

The defendant acknowledges and agrees that this waiver shall result in the dismissal of

any appeal or collateral attack the defendant might file challenging his conviction or sentence in

this case.  Further, if the defendant files a notice of appeal or a habeas petition, notwithstanding

this agreement, defendant agrees that this case shall, upon motion of the Government, be

remanded to the district court to determine whether defendant is in breach of this agreement and,

if so, to permit the Government to withdraw from the Plea Agreement.

If the defendant believes the Government has not fulfilled its obligations under this

agreement, defendant will object at the time of sentencing; otherwise the objection will be

deemed waived.

B.     Notwithstanding subparagraph A, the defendant shall retain the right to file one

direct appeal under the following circumstances only:

1.     the sentence imposed exceeds the statutory maximum as determined by the

district court;

2.     the district court arrived at an advisory sentencing guidelines range by

applying an upward departure under Chapter 5K of the Guidelines; or

3.     the district court exercised its discretion under 18 U.S.C. § 3553(a) to

impose a sentence which exceeds the advisory sentencing guidelines range as determined by the

district court.

Notwithstanding subparagraph A, the defendant shall retain the right to file one

habeas petition (motion under 18 U.S.C. § 2255) under the following circumstances only:

1.     defendant believes he received ineffective assistance of counsel based

solely on information not known to the defendant at the time the district court imposed sentence

and which, in the exercise of reasonable diligence, could not have been known by the defendant

at that time.


## VII.   PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide all material financial and other information as may be

requested by a representative of the United States Probation Office for use in preparing a

Presentence Report.  Failure to execute releases and/or provide such material information as may

be required is a violation of the terms of this Agreement, and will relieve the Government of its

obligations as set forth in this Agreement, and may subject the defendant to an enhancement

under Guidelines Section 3C1.1, or provide grounds for an upward departure under Section

5K2.0 of the Sentencing Guidelines, but at the option of the Government, may not constitute

grounds for withdrawing the plea of guilty.


## VIII.   NO RIGHT TO WITHDRAW PLEA

The defendant understands that the Court is not bound to follow any recommendations or

requests made by the parties at the time of sentencing. If the Court decides not to follow any of

the parties recommendations or requests, the defendant cannot withdraw from this Plea

Agreement or the guilty plea.


## IX.   CONSEQUENCES OF VIOLATING AGREEMENT

**A.   Government's Options.** If defendant fails to keep any promise in this Agreement

[including any promise to cooperate] or commits a new crime, the Government is relieved of any

obligation not to prosecute defendant on other charges, including any charges dismissed as part

of this Plea Agreement. Such charges may be brought without prior notice. In addition, if the

Government determines after sentence is imposed under this Agreement that defendant's breach

of the Agreement warrants further prosecution, the Government will have the choice between

letting the conviction(s) under this Plea Agreement stand or vacating such conviction(s) so that

such charge(s) may be re-prosecuted. If the Government makes its determination before

sentencing, it may withdraw from the Plea Agreement in its entirety.

**B.**     **Defendant's Waiver of Rights.** Defendant agrees that if defendant fails to keep

any promise made in this Agreement, defendant gives up:  (1) the right not to be placed twice in

jeopardy for the offense(s) to which defendant entered a plea of guilty or which were dismissed

under this Agreement; (2) any right under the Constitution and laws of the United States to be

charged or tried in a more speedy manner for any charge that is brought as a result of defendant's

failure to keep this Agreement; and (3) the right to be charged within the applicable statute of

limitations period for any charge that is brought as a result of defendant's failure to keep this

Agreement, and on which the statute of limitations expired after defendant entered into this

Agreement.


**X.     MISCELLANEOUS**

**A.**     **No Other Terms**. This Agreement incorporates the complete understanding

between the parties, and no other promises have been made by the Government to the defendant

or to the attorney for the defendant.  This Agreement does not prevent any governmental agency

from pursuing civil or administrative actions against defendant or any property.  Unless an

exception to this paragraph is explicitly set forth elsewhere in this document, this Agreement

does not bind or obligate governmental entities other than the United States Attorney's Office for

the District of Idaho.  If requested to do so by the defendant or defendant's counsel, the

Government will bring the defendant's cooperation and pleas to the attention of other prosecuting

authorities.

## XI.    UNITED STATES' APPROVAL

I have reviewed this matter and the Plea Agreement.  I agree on behalf of the United

States that the terms and conditions set forth above are appropriate and are in the best interests of

justice.

THOMAS E. MOSS
United States Attorney
By:


_____  for                         __10/3/06_____

Wendy J. Olson                                                    Date
Assistant United States Attorney

-13-

## XII.   ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand the Agreement and its effect upon the potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, no person has, directly or indirectly, threatened or coerced me to do, or refrain from doing, anything in connection with any aspect of this case, including entering a plea of guilty. I am satisfied with my attorney's advice and representation in this case.


_____          8-31-06
Timothy Junkert                           Date
Defendant


I have read this Plea Agreement and have discussed the contents of the Agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth above.


_____          8/31/06
Thomas Monaghan                           Date
Attorney for the Defendant


-14-