<u>CRIMINAL PROCEEDINGS</u> - **Sentencing**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

Judge B. Lynn Winmill  
Case No. **CR06-143-S-BLW**  
Place:  Boise, ID

Date: **January 10, 2007**  
Deputy Clerk: LaDonna Garcia  
Reporter: Melanie Patrick  
Time: 8:30 - 9:20

UNITED STATES OF AMERICA vs     Timothy Junker

Probation Officer               Mike Cruser

Counsel for United States       Wendy Olson
          Defendant(s)          Thomas Monaghan

(X) Court reviewed case history
(X) Court's ruling acceptance of plea agreement - Court accepts plea agreement.
(X) Objections to presentence report have been resolved. Presentence report and addendum adopted, except as modified here today. Court GRANTS government's motion for 3rd point reduction for acceptance of responsibility.
(X) Counsel made sentencing recommendations to the Court.
(X) Defendant's remarks on his own behalf.
(X) Court addressed 3553(a) factors and finds there are no grounds to sentence outside the guideline range.
(X) Counsel requested the court to reduce the statutory maximum by 15 month under 5G1.3(c) in order to give the defendant credit for time served while in state custody - request GRANTED.

SENTENCE: Defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 105 months. Court recommends that the defendant be credited with all time served from August 2006 when he was taken into federal custody, that the defendant complete the sexual offender treatment program in Butner, North Carolina, and that the defendant be placed in the facility at Sheridan, Oregon while awaiting participation in the Butner treatment program. Court finds that the defendant does not have the ability to pay a fine, therefore, fine is waived. $100 special assessment is due immediately. All payments to be made to Clerk of the Court, District of Idaho, 550 W. Fort St., MSC 039, Boise, ID 83724. Defendant shall submit nominal payments of not less than $25 per quarter while incarcerated through the Inmate Financial Responsibility Program. Following term of imprisonment, defendant shall be placed on supervised release for a term of 15 years. Defendant shall submit to DNA collection. Court finds that the defendant does not pose a high risk of future substance abuse such

that mandatory testing is waived.  Defendant shall not possess firearms or other dangerous weapons.  All standard conditions of supervision shall apply, plus the following special conditions:

1) shall not unlawfully possess a controlled substance;

2) shall participate in a program of mental health treatment, as directed by the Probation Officer, until such time as the Defendant is released from the program by the Probation Officer.  Cost of treatment shall be paid by both the Government and the Defendant in monthly payments as arranged by the Probation Officer;

3) shall participate, at the direction of his probation officer, in an evaluation for sexual deviance by a qualified mental health professional who is experienced in treating and managing sexual offenders.  Defendant agrees to waive any right to confidentiality and allow the treatment provider to supply a written report to the United States Probation Office;

4) shall successfully complete any course of treatment related to his offense including but not limited to cognitive/behavioral treatment for sexual deviancy by a qualified mental health professional.  Defendant will follow the rules of the treatment program as if they are orders of the court;

5) shall participate in polygraph testing at the direction of his probation officer and/or treatment staff to monitor his compliance with treatment conditions and supervised release;

6) submit to a search of his person, place of residence, or automobile, including computer systems and peripheral devices, with the assistance of other law enforcement personnel as directed by the probation officer, and submit to seizure of any contraband found therein.  Failure to submit to a search may be grounds for revocation.  Defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition;

7) may not have direct or indirect contact with children under the age of 18 without the express prior approval of his probation officer;

8) will not reside or loiter within 100 yards of school yards, playgrounds, arcades or other places, establishments, and areas primarily frequented by children under the age of 18;

9) may not engage in any paid occupation or volunteer service that places him either in direct or indirect contact with minors unless approved in advance by his probation officer;

10) shall register as a sex offender in any state where the

defendant resides, is employed, caries on a vocation, or is a student;

11) may not possess or use a computer or other electronic device connected to the internet, without prior permission from the probation officer, including web cams and other such devices;

12) if the defendant obtains a computer, he must consent to having any hardware or software system or program installed on the defendant's computer to monitor computer use and to make regular reports to the probation officer.  Defendant will warn other occupants/users of the existence of the monitoring equipment/programs placed on the computer;

13) shall abide by the computer restrictions and monitoring program of the United States Probation Office.  Such restrictions will not restrict access or use of the computer for lawful activities such as employment or education.


(X) Defendant advised of penalties for violation of terms and
    conditions of supervised release.

(X) Right to appeal explained.

(X) Defendant remanded to the custody of the United States
    Marshals Service.