# UNITED STATES DISTRICT COURT

District of     Idaho

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| Timothy A. Junkert | Case Number:    1:06CR00143-001 |
| | USM Number:    12502-023 |
| | Thomas Monaghan |
| | Defendant's Attorney |

## THE DEFENDANT:

X pleaded guilty to count(s)    one of a sole count indictment

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 § 2252(a)(4) | Possession of Child Pornography | 05/22/2005 | 1 |

    The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/10/2007
Date of Imposition of Judgment

_Signature of Judge_

B. Lynn Winmill, United States District Judge
Name and Title of Judge

Date    1/10/2007

DEFENDANT: Timothy A. Junkert
CASE NUMBER: 1:06CR00143-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 105 months

Defendant shall submit to DNA collection while incarcerated by the Bureau of Prisons or, absent collection while imprisoned, then at the direction of the U.S. Probation Office upon release.

X  The court makes the following recommendations to the Bureau of Prisons:

that the defendant be credited with all time served from August 2006 when he was taken into federal custody, that the defendant complete the sexual offender treatment program in Butner, North Carolina, and that the defendant be placed in the facility at Sheridan, Oregon while awaiting participation in the Butner treatment program.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 3   Supervised Release

Judgment Page ___3___ of ___6___

DEFENDANT:        Timothy A. Junkert
CASE NUMBER:      1:06CR00143-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   15 years

Court finds that the defendant does not poses a high risk of future substance abuse such that mandatory drug testing is waived.

    The defendant must report to the probation office in the district to which the defendant is released or allowed to re-enter within 72 hours of release from the custody of the Bureau of Prisons, or re-entry to the United States.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment on supervised release and to periodic drug tests thereafter, not to exceed a maximum number of 3 per month.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Timothy A. Junkert
CASE NUMBER: 1:06CR00143-001

## SPECIAL CONDITIONS OF SUPERVISION

1) Defendant shall not unlawfully possess a controlled substance.

2) Defendant shall participate in a program of mental health treatment, as directed by the Probation Officer, until such time as the Defendant is released from the program by the Probation Officer. Cost of treatment shall be paid by both the Government and the Defendant in monthly payments as arranged by the Probation Officer.

3) Defendant shall participate, at the direction of his probation officer, in an evaluation for sexual deviance by a qualified mental health professional who is experienced in treating and managing sexual offenders. Defendant agrees to waive any right to confidentiality and allow the treatment provider to supply a written report to the United States Probation Office.

4) Defendant shall successfully complete any course of treatment related to his offense including but not limited to cognitive/behavioral treatment for sexual deviancy by a qualified mental health professional. Defendant will follow the rules of the treatment program as if they are orders of the court.

5) Defendant shall participate in polygraph testing at the direction of his probation officer and/or treatment staff to monitor his compliance with treatment conditions and supervised release.

6) Defendant shall submit to a search of his person, place of residence, or automobile, including computer systems and peripheral devices, with the assistance of other law enforcement personnel as directed by the probation officer, and submit to seizure of any contraband found therein. Failure to submit to a search may be grounds for revocation. Defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

7) Defendant may not have direct or indirect contact with children under the age of 18 without the express prior approval of his probation officer.

8) Defendant will not reside or loiter within 100 yards of school yards, playgrounds, arcades or other places, establishments, and areas primarily frequented by children under the age of 18.

9) Defendant may not engage in any paid occupation or volunteer service that places him either in direct or indirect contact with minors unless approved in advance by his probation officer.

10) Defendant shall register as a sex offender in any state where the defendant resides, is employed, caries on a vocation, or is a student.

11) Defendant may not possess or use a computer or other electronic device connected to the internet, without prior permission from the probation officer, including web cams and other such devices.

12) If the defendant obtains a computer, he must consent to having any hardware or software system or program installed on the defendant's computer to monitor computer use and to make regular reports to the probation officer. Defendant will warn other occupants/users of the existence of the monitoring equipment/programs placed on the computer.

13) Defendant shall abide by the computer restrictions and monitoring program of the United States Probation Office. Such restrictions will not restrict access or use of the computer for lawful activities such as employment or education.

Special conditions of supervised release shall supersede any standard condition that is inconsistent with the special conditions.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 3C — Supervised Release

DEFENDANT: Timothy A. Junkert
CASE NUMBER: 1:06CR00143-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|-----------|------|-------------|
| TOTALS | $ 100.00  | $    | $           |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
|               |             |                     |                        |

TOTALS   $ _____   $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Timothy A. Junkert
CASE NUMBER: 1:06CR00143-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** [X] Lump sum payment of $ 100.00 due immediately, balance due

    [ ] not later than _____ , or
    [ ] in accordance [ ] C, [ ] D, [ ] E, or [ ] F below; or

**B** [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

**C** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [X] Special instructions regarding the payment of criminal monetary penalties:

$100 special assessment is due immediately. Payments to be made to Clerk of the Court, District of Idaho, 550 W. Fort St., MSC 039, Boise, ID 83724. Defendant shall submit nominal payments of not less than $25 per quarter while incarcerated through the Inmate Financial Responsibility Program.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.