UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY A. JUNKERT,<br><br>Defendant. | Case No. 1:06-cr-00143-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Timothy Junkert's Motion for Early Termination of Supervised Release (Dkt. 24). For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In October 2006, Timothy Junkert pled guilty to one count of possessing child pornography. The Court sentenced him to 105 months of incarceration followed by 15 years of supervised release. In August 2014, Mr. Junkert was released from custody and began his term of supervised release. Since his release, Mr. Junkert appears to have complied with the conditions of supervision, having no formal violations known to this Court.

After roughly a decade of supervision, Mr. Junkert requests that the Court end his supervision about five years early. Mr. Junkert contends that early termination is warranted for a myriad of reasons. Specifically, Mr. Junkert claims that he poses no threat to society, there is no need for deterrence due to the lack of any reported violations, the recidivism rate for similarly situated offenders is low, and he has completed all the sexual offender treatment required by the conditions of his supervision. Mr. Junkert further contends that early termination is in line with relevant policy considerations and would alleviate certain sentencing disparities that exist for those individuals convicted of sex offenses.

The Government, however, opposes Mr. Junkert's request for early termination. The government argues that the risk of early termination is too great, given Mr. Junkert's history and the offense conduct. *Gov.'s Resp.* at 4, Dkt. 26. The government further contends that supervision is necessary to ensure the continued protection of children.

## LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). This includes the discretion to terminate supervision after Defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding

whether to grant a motion for early termination, courts must review several sentencing factors, which include:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) deterrence;

    (3) protection of the public;

    (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

    (5) the sentence and sentencing range established for the category of defendant;

    (6) any pertinent policy statement by the Sentencing Commission;

    (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e). Additionally, Congress omitted the need to consider the factor listed at 18 U.S.C. § 3553(a)(3), which requires the Court, at initial sentencing, to consider the "kinds of sentences available."

**MEMORANDUM DECISION AND ORDER - 3**

the interest of justice," the court may grant the motion. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d at 821-22.

## ANALYSIS

Having considered the factors laid out above, the Court is not persuaded early termination is warranted. Beginning with the nature and circumstances of the offense, as Mr. Junkert admits, his offense was undeniably serious. More importantly, Mr. Junkert's crime involved some of society's most vulnerable individuals—children. The seriousness of Mr. Junket's offense and need to protect society is reflected by the Court's imposition of a fifteen-year term of supervised release.

Mr. Junkert, however, argues that the Court cannot consider the seriousness of his offense because when Congress listed the factors a court *must* consider in resolving motions for early termination of supervision, it left out the factor set forth in 18 U.S.C. § 3553(a)(2)(A). That factor—which judges must consider when they originally impose a sentence—speaks to "the need for the sentence imposed . .

**MEMORANDUM DECISION AND ORDER - 4**

. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." But just because a court is not *required* to consider this factor in resolving early termination motions does not mean the Court is prohibited from considering the seriousness of the underlying offense. Such a conclusion would be nonsensical because Congress requires courts to consider "the nature and circumstances of the offense . . . ." when resolving early termination motions. *See* 18 U.S.C. § 3553(a)(1); 18 U.S.C. § 3583(3). Moreover, as the Ninth Circuit has explained, "a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819 (citing *United States v. Pregent,* 190 F.3d 279, 283 (4th Cir. 1999)). Accordingly, the Court will, of course, consider the seriousness of Mr. Junkert's offense in resolving this motion. Specifically, the seriousness of his offense raises significant concerns for the safety of the public.

Next, Mr. Junkert claims that granting early termination of supervision would serve to elevate various sentencing discrepancies. The first sentencing discrepancy Mr. Junkert contends would be alleviated is regarding sentences imposed on similarly situated sex offenders. Specifically, Mr. Junkert claims that the 180-month term of supervision imposed in his case conflicts with the 82-month average term of supervision imposed between 2005 and 2009. *See Def.'s Br.* at 19, Dkt. 24 (citing U.S. Sentencing Commission, Federal Offenders Sentenced to

Supervised Release (July 2010) at 52). The average Mr. Junkert relies on, however, is calculated by excluding approximately a quarter—or 2,199—of the sex offenders studied who received a lifetime term of supervised release. *See* U.S. Sentencing Commission, Federal Offenders Sentenced to Supervised Release (July 2010) at 52, nt. 240. The Court, therefore, does not find that Mr. Junkert's 180-month term is a significant deviation from similarly situated individuals, if any at all. *See, e.g., United States v. Scott*, No. 1:11-CV-00171-BLW, 2022 WL 16714148, at *2 (D. Idaho Nov. 4, 2022) ("Mr. Scott's 15-year term is squarely within the typical range of supervised release terms that the Court has imposed for nearly a quarter century.").

Additionally, Mr. Junkert claims that granting his motion would alleviate a discrepancy between the types of cases in which early termination is granted and those involving sex offenses. However, the Court is directed to look at "sentence disparities among defendants *with similar records who have been found guilty of similar conduct*[.]" 18 U.S.C.A. § 3553(a)(6) (emphasis added). Moreover, while the Court tends to grant early termination of supervised release sparingly in all cases, from time to time, it has granted early termination in matters involving sex offenses. *See, e.g., Scott*, 2022 WL 16714148, at *1.

Finally, throughout his motion, Mr. Junkert repeatedly returns to the Ninth Circuit's prohibition on utilizing blanket rules in deciding whether to grant early

MEMORANDUM DECISION AND ORDER - 6

termination of supervised release. *See, e.g., Def.'s Br.* at 20, Dkt. 24. While it is not exactly clear what blanket rule, or rules, Mr. Junkert believes are being applied, the Court assures him that its decision is not based on any such rule. Instead, the Court reviews each request for early termination on an individual basis, analyzing the relevant facts and circumstances of each case—just as it has done here.

Having done so, the Court does not find that "the conduct of the defendant released and the interest of justice" warrants early termination of supervised release. *See, e.g., United States v. Jacquot*, No. 22-50116, 2023 WL 4311647, at *2 (9th Cir. July 3, 2023) (affirming the district court's denial of early termination despite the defendant's rehabilitation efforts, including completing sex offender treatment, reintegrating into the community, and satisfying his restitution requirements). While Mr. Junkert's continued compliance with the terms of supervision and completion of his community treatment program are commendable, compliance "is to be expected." *Emmett*, 749 F.3d at 824 (citing *United States v. Miller,* 205 F.3d 1098, 1101 (9th Cir. 2000)). At the time of his sentencing, the Court elected to impose a fifteen-year term of supervised release—not the suggested lifetime term. *See* U.S.S.G. § 5D1.2(b)(2) (under the guideline's policy statement, if the convicted offense is a sex offense, "the statutory maximum term of supervised release is recommended."). After reviewing his motion, the record in this case, the nature of the charges, the basis for the original sentencing,

**MEMORANDUM DECISION AND ORDER - 7**

and Mr. Junkert's history and characteristics, the Court sees no reason to deviate from its prior decision. The Court will, therefore, deny Mr. Junkert's request for early termination of his supervision.

## ORDER

**IT IS ORDERED that** Defendant Timothy Junkert's Motion for Early Termination of Supervision (Dkt. 24) is **DENIED.**

DATED: May 14, 2024

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 8